1  Jason G. Gong (SBN 181298)
LAW OFFICE OF JASON G. GONG
2  *A Professional Corporation*
2121 N. California Boulevard, Suite 290
3  Walnut Creek, CA  94596
Telephone:  (925) 735-3800
4  Facsimile: (925) 735-3801
Email: jgong@gonglawfirm.com
5
Attorney for Plaintiff
6  BEHRUZ BONSHAHI, an individual

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  BEHRUZ BONSHAHI, an individual,          )   Case No.
                                            )
12            Plaintiff,                     )
                                            )   **COMPLAINT FOR INJUNCTIVE**
13        vs.                                )   **RELIEF AND DAMAGES:** DENIAL OF
                                            )   CIVIL RIGHTS AND FULL AND
14  LAZY DOG RESTAURANTS, LLC, and          )   EQUAL ACCESS TO PUBLIC
    DOES 1 through 10, inclusive,            )   ACCOMMODATIONS TO PERSON
15                                           )   WITH PHYSICAL DISABILITY IN
            Defendants.                      )   VIOLATION OF THE AMERICANS
16                                           )   WITH DISABILITIES ACT OF 1990
                                            )   (42 U.S.C. §§ 12101 *et seq.*), AND
17                                           )   CALIFORNIA DISABLED RIGHTS
                                            )   STATUTES (CIVIL CODE §§ 51, 52, 54,
18                                           )   54.1, 54.3; HEALTH & SAFETY CODE
                                            )   §§ 19955 *et seq.*)
19                                           )
_____   )
20

21        Plaintiff BEHRUZ BONSHAHI ("plaintiff"), an individual, complains of defendant

22  LAZY DOG RESTAURANTS, LLC ("LAZY DOG"), as the owner and operator of the Lazy

23  Dog Restaurant and Bar located at 1961 Diamond Blvd., Concord, California, 94520 (the

24  "RESTAURANT") and situated within the Willows Shopping Center.  Plaintiff alleges as

25  follows:

26                              **<u>INTRODUCTION</u>**

27        1.      This is a civil rights action for unlawful discrimination based on defendant's

28  failure to design, construct, and maintain its facility and its accommodations to make them

1  readily accessible to, and usable by, individuals with disabilities when it was structurally

2  practicable and readily achievable to do so.

3      2.    Defendant LAZY DOG's facility is a place of public accommodation located at

4  1961 Diamond Blvd. in Concord.  Defendant LAZY DOG lacks accessible accommodations and

5  has denied plaintiff and other similarly situated individuals with physical disabilities full and

6  equal access to its accommodations, facilities, goods, services, and opportunities that are

7  provided to non-disabled members of the public.

8      3.    Plaintiff is a person with a physical disability who requires the use of a wheelchair

9  for mobility.  Plaintiff has been denied full and equal access to the accommodations and services

10  offered at defendant's facility.  Plaintiff visited defendant's facility as an invitee, guest, patron,

11  and customer and personally experienced actionable discrimination that violated his civil rights

12  under federal and state laws.

13      4.    Defendant violated plaintiff's civil rights under Federal and California laws by

14  failing to design, construct, and provide accessible accommodations at its facility.  Plaintiff

15  personally encountered barriers to full and equal access that caused him physical difficulty,

16  discomfort, and embarrassment while attempting to access accommodations at defendant's

17  facility.  Thus, plaintiff seeks injunctive relief against defendant pursuant to Title III of the

18  Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq.*, and monetary relief

19  under the California Unruh Civil Rights Act, Cal. Civ. Code Sections 51, 52, and the California

20  Disabled Persons Act, Cal. Civ. Code Sections 54, 54.1, and 54.3, *et seq.*

21                      **JURISDICTION AND VENUE**

22      5.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section

23  1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et*

24  *seq.* ("ADA").  Pursuant to 28 U.S.C. Section 1367, the Court also has supplemental jurisdiction

25  over related causes of action under California law arising from the same operative facts and

26  transactions.  These related claims include violations of Cal. Civ. Code Sections 51, 52, 54 and

27  54.3, Cal. Gov't  Code Section 4450, *et seq.*, Cal. Health & Safety Code Sections 19955-19959,

28  and Title 24 of the California Code of Regulations.

---

*Bonshahi v. Lazy Dog Restaurants, LLC, et al.,* Case No.
Complaint for Injunctive and Monetary Relief

6.      Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) and is founded on the facts that the real property, which is the subject of this action where plaintiff's causes of action arose, is located within this judicial district at 1961 Diamond Blvd., Concord, California, 94520, and in the County of Contra Costa.

7.      <u>Intra-district Assignment</u>.   This matter should be assigned to the San Francisco and Oakland Division of the Court under Civil Local Rule 3-2(c) and (d), because the real property where the causes of action arose is located within Contra Costa County.

**PARTIES**

8.      Plaintiff requires the use of a wheelchair for mobility and for traveling about in public places.  Accordingly, plaintiff is an "individual with a disability" as defined by Federal and California anti-discrimination laws enacted to ensure that individuals with disabilities are afforded full and equal access when visiting and accessing public accommodations to enjoy, participate in, experience, and benefit from, accommodations, and goods and services offered to members of the general public who are non-disabled.

9.      Plaintiff visited defendant's business as a customer and was denied of his civil rights to access available services and accommodations in a full and equal manner due to architectural barriers that plaintiff personally encountered.

10.      Plaintiff is informed, believes, and alleges that defendant owns and operates, and was at all relevant times acting and performing, or failing to act or perform within its authority as the owner and operator of the business to ensure that the accommodations, goods, services, and opportunities were accessible to plaintiff and other members of the public who have physical disabilities.  Defendant's failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of herein.

11.      Defendant's business and accommodations are open to the general public to visit and to patronize and therefore is a "public accommodation" or "public facility" subject to the requirements of the ADA and California Civil Code Sections 51, 52, 54, 54.1, and 54.3, *et seq.*, California Health and Safety Code Section 19955, *et seq.,* and California Government Code Section 4450, *et seq*.

12.     At all times relevant to this Complaint, defendant has been and is responsible for ensuring that its facilities are free of architectural barriers preventing full and equal access to public accommodations for persons with disabilities as provided by Code of Federal Regulations, Title 28, Chapter I, Part 36, Subpart B, Section 36.201, and that its goods, services, and opportunities are fully and equally available to persons with disabilities.  Specifically, Section 36.201 provides:

**§ 36.201   General.**

(**a**)  **Prohibition of discrimination.**  No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation.

*See* 28 C.F.R. §36.201(a).

## FACTUAL ALLEGATIONS

13.     The RESTAURANT is located at 1961 Diamond Blvd., Concord, California, 94520 inside the Willows Shopping Center.  The premises of this facility consists of, among other things, exterior and interior paths of travel, entrance facilities, counters, interior and exterior dining facilities, restroom facilities, and other accommodations, which are all "public accommodations" subject to the design, construction, and barrier removal requirements under Title III of the ADA, the ADA Accessibility Guidelines ("ADAAG"), and California statutory requirements to provide and maintain barrier free accommodations under Government Code Section 4450, *et seq.*, Civil Code Sections 51, 52, 54, 54.1, and 54.3, and Health & Safety Code Section 19955, *et seq*.

14.     Plaintiff is informed, believes, and alleges that defendant failed to design and construct a facility that was readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  Plaintiff also alleges in the alternative, that defendant failed to remove access barriers when it was readily achievable to do so.  Thus, defendant has violated the ADA by failing to provide and ensure full and equal access to its public facilities and accommodations for plaintiff and similarly situated individuals.

15.     Defendant's failure to provide accessible accommodations for plaintiff and similarly situated individuals also violates accessibility standards under Title 24 of the California

Code of Regulations, which is known as the California Building Standards Code or more commonly as "Title 24".  Plaintiff alleges on information and belief that the aforementioned facilities have been altered, modified, and/or repaired since its original construction, which in turn, subjects the facilities in question and each of its public accommodations to the access requirements under California Health and Safety Code Sections 19955-19959 as well as the access requirements of Title 24.

16.     Plaintiff visited the RESTAURANT on March 19, 2022, to have dinner with his family.  Plaintiff and his family members dined on the outside patio where plaintiff encountered inaccessible dining tables.  At the noncompliant table, plaintiff was forced to sit at a distance away from the table edge because his wheelchair could not fit underneath the table surface.  The noncompliant table forced plaintiff to extend his body to reach for his food, which made eating his meal physically uncomfortable and difficult.

17.     During dinner, plaintiff excused himself to use the restroom facilities at the RESTAURANT.  Plaintiff wheeled to the patio door, but encountered excessive door pressure and had difficulty opening the door to reenter the main part of the RESTAURANT.  Plaintiff was forced to exert more physical effort to open the heavy door wide enough for him to wheel in and to avoid the door closing on him.  This experience caused plaintiff to sustain physical difficulty and discomfort.

18.     Plaintiff located the men's restroom but was unable to open the door due to excessive door pressure.  This forced plaintiff to have to exert enough physical force to open the heavy door which in turn, caused plaintiff to experience physical difficulty and discomfort.  Plaintiff had a similar experience leaving the restroom when he had to exert enough physical force to open the heavy door.  Plaintiff wheeled from the restroom area to the patio door located next to the bar area.  Plaintiff encountered excessive door pressure again and had difficulty opening the door, which forced him to exert physical effort to open the heavy patio door.  This caused plaintiff to experience physical difficulty, discomfort, and embarrassment.

19.     Plaintiff visited the RESTAURANT on April 14, 2022, to have lunch with his friend.  This time, plaintiff decided to dine inside to avoid the inaccessible tables on the patio.

1  Plaintiff and his friend requested to sit at a booth and followed an employee who brought them to

2  a dining area with booth seating.  However, the booth seating was not accessible to plaintiff.  The

3  employee offered to seat plaintiff and his friend at a nearby table, which plaintiff accepted.

4  Unfortunately, plaintiff soon realized that the second dining table was also inaccessible.

5          20.     At the noncompliant table, plaintiff was forced to sit at a distance away from the

6  table edge because his wheelchair could not fit underneath the table surface.  The noncompliant

7  table forced plaintiff to extend his body to reach for his food, which made eating his meal

8  physically uncomfortable and difficult.  Dining at an inaccessible table caused plaintiff to

9  experience physical difficulty, discomfort, and embarrassment.  After lunch, plaintiff had to use

10  the men's restroom and encountered excessive door pressure that caused him to experience

11  physical difficulty and discomfort.  Plaintiff had a similar experience leaving the restroom when

12  he had to exert enough physical force to open the heavy door before returning to his table.

13          21.     Plaintiff is informed, believes, and alleges that defendant is aware of its obligation

14  under the ADA and California access standards and regulations to provide full and equal access

15  to services, accommodations, opportunities, and facilities that defendant offers and makes

16  available to nondisabled persons visiting its store.  Yet, despite this knowledge, defendant has

17  failed to put in place accessible accommodations, facilities, policies, and procedures to ensure

18  that the different accommodations and opportunities defendant provides to the public are fully

19  and equally available to plaintiff and other persons with disabilities.

20          22.     Plaintiff's adverse experiences have, on at least one other occasion after his last

21  visit to the RESTAURANT, deterred him from returning to the facility to avoid encountering the

22  same barriers and experiencing the same denial of full and equal access that caused him

23  difficulty, discomfort, and embarrassment after attempting to access defendant's

24  accommodations, services, and opportunities during his prior visits.

25          23.     Plaintiff seeks to compel defendant to remove all access barriers from its facilities,

26  as required by Federal and California access laws, regulations, and standards to provide plaintiff

27  and other similarly situated individuals full and equal access to the accommodations, facilities,

28  and opportunities that defendant offers and provides to nondisabled members of the public.

1    Plaintiff also seeks deterrence damages against defendant under California law.

2         24.    Plaintiff is informed, believes, and alleges that defendant failed to provide full and

3    equal access to other accommodations and services at its facility and has failed to remove other

4    barriers that have yet to be identified.  Thus, plaintiff's legal representative requires a formal

5    inspection of defendant's premises and an opportunity to identify and assess all other existing

6    barriers affecting persons with disabilities who are similarly situated to plaintiff.  This inspection

7    will enable plaintiff to determine the appropriate scope of injunctive relief required to correct all

8    of defendant's past, present, and ongoing violations of Federal and California disability access

9    standards, regulations, and laws.

10        25.    Plaintiff is informed, believes, and alleges that he and other similarly situated

11   disabled persons will continue to be discriminated against as long as defendant continues to

12   violate the ADA and California access laws by failing to provide full and equal access to

13   accommodations and opportunities that it offers and provides to the public.  Plaintiff has no

14   adequate remedy at law to address recurring injury should he or other disabled persons visit

15   defendant's facility in its current inaccessible configuration and operation.  Unless the Court

16   grants the requested relief, plaintiff and other disabled persons will suffer and continue to suffer

17   irreparable injury and harm from the denial of full and equal access to accommodations,

18   facilities, opportunities, and services that defendant offers and provides to the public.

19        26.    Defendant's acts and omissions in owning, operating, leasing, constructing,

20   altering, and maintaining the subject facilities denied plaintiff full and equal access to the

21   accommodations, opportunities, and services defendant offers to the public.  Thus, plaintiff

22   seeks an injunction from the Court requiring defendant to make its accommodations, facilities,

23   and opportunities fully accessible to disabled persons and to further compel defendant to take all

24   necessary steps to ensure that the accommodations are maintained in a fully accessible condition

25   and manner.

26        27.    Plaintiff is informed, believes, and alleges that at all relevant times mentioned,

27   defendant knew, or in the exercise of reasonable diligence should have known, that the barriers at

28   its facility violated applicable disabled access requirements and standards, and had a

1   discriminatory impact on plaintiff and other physically disabled persons.  However, defendant

2   has failed to correct the ongoing violations and continues to maintain the very policies and access

3   barriers that unlawfully discriminate against plaintiff and other persons with disabilities by

4   precluding them from full and equal access to the accommodations, facilities, and opportunities

5   that defendant provides to non-disabled persons who visit defendant's facility.

6   ### I.   FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
7   ### (42 U.S.C. Section 12101, *et seq.*)

8       28.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9   the allegations contained in paragraphs 1 through 27 of this Complaint.

10       29.   In 1990, the United States Congress made factual findings regarding persons with

11   physical disabilities and concluded that laws were needed to more fully protect:

12   > [S]ome 43 million Americans with one or more physical or
> mental disabilities; [that] historically society has tended
13   > to isolate and segregate individuals with disabilities;
> [that] such forms of discrimination against individuals
14   > with disabilities continue to be a serious and pervasive
> social problem; [that] the nation's proper goals regarding
15   > individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and
16   > economic self-sufficiency for such individuals; [and that] the
> continuing existence of unfair and unnecessary discrimination
17   > and prejudice denies people with disabilities the opportunity to
> compete on an equal basis and to pursue those opportunities
18   > for which our free society is justifiably famous.

19
*See* 42. U.S.C. Section 12101.
20
21       30.   Congress stated as its purpose in passing the Americans with Disabilities Act of

22   1990 (42 U.S.C. Section 12102) that:

23   It is the purpose of this Act

24   (1) to provide a clear and comprehensive national mandate for the elimination
of discrimination against individuals with disabilities;

25   (2) to provide clear, strong, *consistent, enforceable standards* addressing
discrimination against individuals with disabilities;

26   (3) to ensure that the Federal Government plays a central role in enforcing
27   the standards established in this Act on behalf of individuals with disabilities; and

28   (4) to invoke the sweep of Congressional authority, including the power to enforce

---

the Fourteenth Amendment and to regulate commerce, in order to address the major areas of *discrimination faced day-to-day* by people with disabilities.

*See* 42 U.S.C. Section 12101(b) (emphasis added).

31.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." *See* Section 301 of the ADA, 42 U.S.C. Section 12181, *et seq.*

32.     Section 302 of the ADA, 42 U.S.C. Section 12182, provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33.     The specific prohibitions against discrimination set forth in Section 302(b)(2)(A) of the ADA, 42 U.S.C. Section 12182(b)(2)(A) provide that:

For purposes of subsection (a) of this section, discrimination includes -

(i)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations . . .;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities . . .;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . .;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative

1       methods if such methods are readily achievable.

2  *See* 42 U.S.C. Section 12182(b)(2)(A)(i)-(v).

3       34.    Defendant's acts and omissions set forth herein violated plaintiff's civil rights

4  under the ADA and the regulations promulgated thereunder at 28 C.F.R. Part 36, *et seq.*  In 1992,

5  the standards of the ADA were incorporated into California law, making a violation of the ADA

6  sufficient to establish a violation of California Civil Code Sections 51, 52, 54, 54.1, and 54.3,

7  thereby providing access plaintiffs with the damages remedies available under these statutes.

8       35.    Plaintiff is informed, believes, and alleges that defendant's accommodations and

9  facility were designed, constructed, and altered or renovated after January 26, 1992, thereby

10  triggering access requirements under Title III of the ADA that are specifically addressed in the

11  ADA Accessibility Guidelines ("ADAAG").  Among other things, these requirements expressly

12  prohibit the design and construction of facilities for first occupancy after January 26, 1993, that

13  are not readily accessible to, and usable by, individuals with disabilities when it was structurally

14  practicable to do so.  *See* 42 U.S.C. Section 12183(a)(1); 28 C.F.R. Section 36.401(a)(1).

15  Plaintiff is further informed and believes that defendant violated the ADA by designing and

16  constructing its facilities in a manner that made accommodations, services, and opportunities not

17  readily accessible to plaintiff and other physically disabled members of the public when it was

18  structurally practical to do so.  *See* 28 C.F.R. Sections 36.401, 36.406; 28 C.F.R. Part 36,

19  Appendices A and B.  Plaintiff is informed, believes, and further alleges that construction of a

20  readily accessible facility was also required by applicable California law at the time defendant's

21  facilities were constructed, altered, remodeled, or renovated.

22       36.    Plaintiff is informed, believes, and alleges that defendant has denied and

23  continues to deny full and equal access to plaintiff and to other persons with disabilities, which

24  amounts to unlawful discrimination against plaintiff and other similarly situated persons on the

25  basis of their disabilities in violation of the ADA.  Specifically, sections 302 and 303 of the ADA

26  mandates that disabled persons such as plaintiff are entitled to receive the full and equal

27  enjoyment of the goods, services, facilities, privileges, advantages and accommodations that are

28  offered to members of the public who are not physically disabled.  *See* 42 U.S.C. Sections 12182

1    and 12183; *see also* 28 C.F.R. Sections 36.101 and 36.201(a).

2          37.    Pursuant to Section 308 of the ADA, 42 U.S.C. Section 12188, *et seq.*, plaintiff is

3    entitled to the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of

4    1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to ongoing discrimination on the basis

5    of his disability in violation of the ADA and/or has sufficient grounds for believing that he is about

6    to be subjected to unlawful discrimination.  Thus, plaintiff is entitled to an injunction compelling

7    defendant to comply with its obligations under the ADA and to provide plaintiff and other disabled

8    persons with full and equal access to the public accommodations and services at defendant's

9    facility that are enjoyed by nondisabled persons.  *See* 42 U.S.C. Section 12188(a)(2) (providing

10   that "[i]n cases of violations of § 302(b)(2)(A)(iv) and § 303(a) . . . injunctive relief shall include

11   an order to alter facilities to make such facilities readily accessible to and usable by individuals

12   with disabilities to the extent required by this title."); *see also* 28 C.F.R. Section 36.501(a), (b).

13         38.    Defendant's acts and omissions giving rise to this action have caused plaintiff to

14   incur legal expenses and attorney's fees to enforce plaintiff's rights against defendant's unlawful

15   discrimination and to enforce provisions of the law requiring full and equal access to public

16   accommodations for persons with disabilities.  Thus, plaintiff seeks to recover all reasonable

17   attorney's fees, litigation expenses (including expert fees) and costs, pursuant to Section 505 of

18   the ADA (42 U.S.C. Section 12205) and 28 C.F.R. Section 36.505, which is the United States

19   Department of Justice's regulations for enforcement of Title III of the ADA.  Plaintiff also seeks

20   to compel defendant to make its facility accessible to all disabled members of the public, thereby

21   justifying recovery of "public interest" attorney's fees pursuant to California Code of Civil

22   Procedure Section 1021.5.

23         WHEREFORE, plaintiff prays that this Court grants the requested injunctive relief and

24   award attorney's fees, litigation expenses, and costs as hereinafter stated against defendant.

25                        **II.    SECOND CAUSE OF ACTION**
                     **VIOLATION OF CALIFORNIA CIVIL CODE**
26                   **SECTIONS 54, 54.1, AND 54.3, *et seq.***

27         39.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,

28   the allegations contained in paragraphs 1 through 38 of this Complaint.

---

*Bonshahi v. Lazy Dog Restaurants, LLC, et al.*, Case No.
Complaint for Injunctive and Monetary Relief

40.     California Civil Code Section 54 provides that persons with physical disabilities are not to be discriminated against because of their physical handicap or disability.  This section provides that:

> (a)     Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices public facilities, and other public places.

41.     California Civil Code Section 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1)   Individuals with disabilities shall be entitled to *full and equal access*, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

*See* California Civil Code Section 54.1(a)(1) (emphasis added).

42.     California Civil Code Section 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of Section 54.1.  Specifically, Section 54.1(d) provides that:

> (d)   A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) *also constitutes a violation of this section*, and nothing in this section shall be construed to limit the access of any person in violation of that act.

*See* California Civil Code Section 54.1(d) (emphasis added).

43.     Plaintiff is a qualified person within the meaning of Civil Code Section 54.1 whose rights have been violated by defendant as prohibited by Civil Code Sections 54 and 54.1. Each of the specific architectural barrier defendant has created, maintained, and knowingly failed and/or refused to remove constitutes a separate act in violation of Sections 54 and 54.1 of the

California Civil Code.  Plaintiff has been, and continues to be, denied full and equal access to the public accommodations and services available at defendant's facilities.  Accordingly, plaintiff seeks statutory damages pursuant to California Civil Code Section 54.3(a) for each day on which he visited or has been deterred from visiting defendant's facility due to his knowledge, belief, and personal experiences that the accommodations and services there are inaccessible to plaintiff and to similarly situated persons.  Section 54.3(a) of the California Civil Code provides that:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54,

> 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

*See* California Civil Code Section 54.3(a).

44.     Plaintiff suffered violations of his rights under California Civil Code Sections 54 and 54.1 when he was denied full and equal access to the public accommodations, facilities, and services stated herein at defendant's facility.  Defendant has denied plaintiff full and equal access to the accommodations, facilities, and opportunities offered at defendant's store, on the basis of plaintiff's status as a person with physical disabilities.

45.     As a result of defendant's acts and/or omissions which denied plaintiff full and equal access to the facilities, accommodations, and services offered at defendant's business, defendant, in owning, operating, managing, and maintaining the subject facility, caused plaintiff to suffer multiple violations of his civil rights, including but not limited to his rights under Sections 54, 54.1 and 54.3 of the California Civil Code.

46.     Plaintiff is informed and believes that before he visited defendant's facility, defendant was aware of its legal obligations under Federal and California law requiring owners and operators of public accommodations to make its facilities readily accessible to persons with disabilities.  Yet, despite this knowledge, defendant discriminated against plaintiff on account of

his physical disability and denied him full and equal access to the accommodations, facilities, services, and opportunities that were fully available to nondisabled persons at this facility in violation of Sections 54 and 54.1 of the California Civil Code.

47.     Plaintiff seeks to recover statutory damages pursuant to Section 54.3(a) of the California Civil Code against defendant for violating his civil rights as a person with a disability during his visit defendant's store.  Additionally, plaintiff seeks deterrence damages and currently believes he will encounter the same and/or additional barriers and would again be denied full and equal access to the facility and its goods, services, and accommodations if plaintiff returns to defendant's business to access its accommodations in its current inaccessible condition.

48.     As a result of defendant's acts and omissions in this regard, plaintiff has incurred legal expenses to enforce his civil rights and to enforce provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to California Civil Code Section 54.3, plaintiff seeks to recover his reasonable attorney's fees, legal expenses, and costs incurred in the prosecution of this matter if he is deemed to be the prevailing party.  Plaintiff also seeks to recover statutory damages from defendant and to compel defendant to make its facilities and accommodations fully accessible to plaintiff and other similarly situated members of the public who have disabilities.  Thus, an injunction is appropriate under Section 55 of the California Civil Code as well as an award of public interest attorney's fees pursuant to Section 1021.5 of the California Code of Civil Procedure if plaintiff is deemed to be the prevailing party.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

### III.     THIRD CAUSE OF ACTION
### DENIAL OF FULL AND EQUAL ACCESS IN A PUBLIC FACILITY
### TO A PERSON WITH A DISABILITY IN VIOLATION OF CALIFORNIA
### DISABLED ACCESS STATUTES

49.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this Complaint.

50.     Plaintiff and other similarly situated physically disabled persons whose physical conditions require the use of a wheelchair or other mobility device are unable to use the public

1  facilities at the RESTAURANT in a "full and equal" manner until defendant fully brings its

2  facilities and accommodations into compliance with provisions of California Health & Safety

3  Code Section 19955, *et seq.* Plaintiff is a member of the portion of the public whose rights are

4  protected by provisions of this statute.

5        51.  Under Section 54.1 of the California Civil Code, persons with disabilities are

6  entitled to full and equal access to public accommodations. "Public accommodations" are

7  further defined as a building, structure, facility complex, or improved area which is used by the

8  general public and shall include parking lots, paths of travel, seating, and attendant facilities.

9        52.  Defendant owns and operates the RESTAURANT, thereby subjecting

10  defendant's facilities to the requirements of California's Disabled Rights statutes. California

11  Health & Safety Code Section 19955 provides in pertinent part:

12  
> The purpose of this part is to insure that public accommodations
> or facilities constructed in this state with private funds adhere to
13  
> the provisions of Chapter 7 (commencing with Sec. 7) of
> Division 5 of Title 1 of the Government Code. For the purposes
14  
> of this part "public accommodation or facilities" means a building,
> structure, facility, complex, or improved area which is used by the
15  
> general public and shall include auditoriums, hospitals, theaters,
> restaurants, hotels, motels, stadiums, and convention centers.
16  
> When sanitary facilities are made available for the public, clients
> or employees in such accommodations or facilities, they shall be
17  
> made available for the handicapped.

18        53.  California Health & Safety Code Section 19956, which appears in the same

19  chapter as Section 19955, provides in pertinent part, "accommodations constructed in this state

20  shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title

21  1 of the Government Code . . . ." Section 19956 of the Health & Safety Code was operative as

22  of July 1, 1970, and is applicable to all public accommodations constructed or altered after that

23  date. Plaintiff is informed, believes, and alleges that defendant's facilities were constructed,

24  altered, or repaired after July 1, 1970. Thus, the construction and/or modification of these

25  facilities are subject to the requirements of Part 5.5, Section 19955, *et seq.*, of the California

26  Health & Safety Code, which requires defendant to provide full and equal access to persons with

27  disabilities upon completion of such construction, alteration, structural repairs or additions under

28  Health & Safety Code Section 19959.

1     54.    Plaintiff is informed, believes, and alleges that construction, alterations, structural

2  repairs and/or additions were completed on the subject property after January 1, 1968, the

3  effective date of California Government Code Section 4450, *et seq*, and the July 1, 1970 effective

4  date of Health & Safety Code Sections 19955-19959.  Thus, defendant was required to provide

5  accessible accommodations for persons with disabilities in each regard sought in this Complaint.

6     55.    Pursuant to the authority under Government Code Section 4450, *et seq*, the State

7  Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

8  1982, Title 24 of the California Building Standards Code (formerly known as the California

9  Administrative Code) adopted the California State Architect's Regulations, which apply to any

10  construction or alterations of public accommodations occurring after the effective date.  Title 24

11  was in effect at the time of each alteration, which occurred at defendant's facility after January 1,

12  1982.  Thus, the alterations triggered defendant's duty to comply with the access standards of

13  Title 24 whenever each such "alteration, structural repair or addition" is carried out.

14     56.    Defendant's facility and accommodations are "public accommodations" or

15  "facilities" within the meaning of Health & Safety Code Section 19955, *et seq*.  Defendant

16  violated plaintiff's civil rights by denying him and similarly situated persons with disabilities

17  full and equal access to the accommodations and opportunities that defendant provides to

18  nondisabled members of the public.

19     57.    As a result of defendant's ongoing failure to provide plaintiff with full and equal

20  access to the public accommodations and related facilities at defendant's business, defendant

21  has denied plaintiff and similarly situated persons of their civil rights to full and equal access to

22  the aforementioned accommodations.  Plaintiff believes defendant will continue its unlawful

23  and discriminatory practices unless the Court compels defendant to provide accessible

24  facilities as discussed herein.

25     58.    Plaintiff has had to incur legal expenses to enforce his civil rights to receive full

26  and equal access to the public accommodations for himself and for other similarly situated

27  persons with physical disabilities.  Because plaintiff seeks to enforce an important right that also

28  affects the public interest, plaintiff is entitled to recover his reasonable attorney's fees and legal

costs pursuant to the provisions of California Code of Civil Procedure Section 1021.5.  Plaintiff additionally seeks to recover his attorney's fees pursuant to California Civil Code Section 54.3 and/or in the alternative, plaintiff will seek to recover his attorney's fees, costs and legal expenses pursuant to Section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)) if he is deemed to be the prevailing party.

59.   Defendant's aforementioned acts have proximately caused and will continue to cause irreparable injury to plaintiff if defendant is not enjoined by this Court.  Accordingly, plaintiff seeks injunctive relief and an order compelling defendant to make its facility and accommodations readily accessible to, and fully and equally accessible by, plaintiff and other similarly situated persons with disabilities.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

### IV.   FOURTH CAUSE OF ACTION
### FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

60.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this Complaint.

61.   Defendant's actions and omissions and failure to act as reasonable and prudent owners and/or operators of a public accommodation by ignoring, maintaining, and/or creating architectural barriers, policies, practices and/or procedures that have precluded plaintiff and other similarly situated persons with disabilities from full and equal access to the accommodations and opportunities offered by defendant to nondisabled members of the public, violate Section 51 of the California Civil Code, known as the Unruh Civil Rights Act.  The Unruh Act provides:

> (a)   This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> (b)   All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, ***disability***, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

(c)　　This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or *disability*, medical condition, marital status, or sexual orientation.

(d)　　Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment,

facility, building, improvement, or any other structure, nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

\*　\*　\*　\*

(f)　　A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) *shall also constitute a violation of this section*.

*See* California Civil Code Section 51 (emphasis added).

62.　　Defendant's acts and omissions have denied plaintiff full and equal access to accommodations, advantages, facilities, privileges and services in a business establishment on the basis of physical disability in violation of Cal. Civil Code Section 51.  Thus, defendant has violated plaintiff's civil rights by denying him full and equal access to accommodations, services, and opportunities provided to nondisabled persons who visit defendant's facility.

63.　　Each violation of the ADA, as stated above, which is incorporated herein as if separately stated, is also a violation of the Unruh Civil Rights Act as provided by Section 51(f) of the California Civil Code.  Plaintiff has been, and continues to be, denied full and equal access to the public accommodations and services available to the general public at defendant's store.  Thus, plaintiff seeks statutory damages pursuant to Civil Code Section 52(a) for his visits to the RESTAURANT and for each occasion he has been deterred from returning because of his knowledge and belief that the accommodations and services offered at defendant's business remain inaccessible to plaintiff and to other similarly situated persons with disabilities.  These violations of the Unruh Act support an award of minimum statutory damages of $4,000 against defendant for each actionable count of unlawful discrimination experienced by plaintiff.

64.     Defendant's acts and omissions have required plaintiff to incur legal expenses and attorney's fees to enforce his civil rights under applicable Federal and California laws that prohibit discrimination against persons with disabilities.  Accordingly, plaintiff seeks to recover his reasonable attorney's fees, litigation expenses and legal costs, pursuant to Civil Code Section 52.  Because plaintiff's action also seeks to require defendant to make its facility fully accessible to all disabled members of the public, plaintiff is entitled to an award of "public interest" attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

### PRAYER FOR RELIEF

Plaintiff prays that this Court award damages and provide relief as follows:

**I.    Prayer for FIRST CAUSE OF ACTION for Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)**

1.     For injunctive relief, compelling defendant LAZY DOG to make the RESTAURANT located at 1961 Diamond Blvd., Concord, California, 94520, and its related facilities, accommodations, and services available, accessible to, and usable by plaintiff and other individuals with disabilities as required by the ADA, 42 U.S.C. Section 12181, *et seq.*, and to make any and all required modifications in policies, practices, and procedures to provide plaintiff and similarly situated individuals full and equal access to the goods, services, facilities, privileges, advantages, opportunities, and accommodations that defendant offers to nondisabled members of the public.

2.     For reasonable attorney's fees, litigation expenses, expert costs, and costs of suit, if plaintiff is deemed to be the prevailing party; and

3.     For such other and further relief as the Court may deem to be just and proper.

**II.   Prayer for SECOND CAUSE OF ACTION for Denial of Full and Equal Access in Violation of California Civil Code Sections 54, 54.1 and 54.3, *et seq.***

1.     For statutory damages against defendant LAZY DOG pursuant to California Civil Code Section 54.3 for each separate occasion of actionable discrimination that plaintiff sustained when he encountered architectural barriers at defendant's business and was denied full and equal

1    access to the goods, services, accommodations, and opportunities offered to nondisabled

2    members of the public, and for deterrence damages;

3            2.     For attorney's fees pursuant to California Civil Code Section 54.3 and California

4    Code of Civil Procedure Section 1021.5, if plaintiff is the prevailing party, and an injunction under

5    California Civil Code Section 55;

6            3.     For all costs of suit, expert costs and prejudgment interest, pursuant to California

7    Civil Code Section 3291;

8            4.     For such other and further relief as the Court may deem to be just and proper.

9    **III.**    **Prayer for THIRD CAUSE OF ACTION for Denial of Accessible Public Facilities in Violation of California Health & Safety Code Section 19955,** *et seq.*

10

11           1.     For injunctive relief, compelling defendant LAZY DOG to make the

12    RESTAURANT located at 1961 Diamond Blvd., Concord, California, 94520, and its related

13    facilities, accommodations, and services available, accessible to, and usable by plaintiff and other

14    individuals with disabilities, as required by applicable California law;

15           2.     For attorney's fees pursuant to California Code of Civil Procedure Section 1021.5,

16    if plaintiff is deemed to be the prevailing party;

17           3.     For all costs of suit, expert costs and prejudgment interest, pursuant to California

18    Civil Code Section 3291;

19           4.     For such other and further relief as the Court may deem to be just and proper.

20    **IV.**    **Prayer for FOURTH CAUSE OF ACTION for Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code Section 51,** *et seq.*

21

22           1.     For statutory damages against defendant LAZY DOG pursuant to California Civil

23    Code Section 52, *et seq.* for each separate occasion of discrimination that plaintiff experienced

24    when he encountered architectural barriers at the RESTAURANT located at 1961 Diamond

25    Blvd., Concord, California, 94520, and was denied full and equal access to the goods, services,

26    opportunities, and accommodations offered at the subject facility to nondisabled members of the

27    public, and for deterrence damages;

28           2.     For attorney's fees pursuant to California Civil Code Section 52, if plaintiff is

1    deemed to be the prevailing party;

2         3.      For all costs of suit, expert costs and prejudgment interest, pursuant to California

3    Civil Code Section 3291;

4         4.      For such other and further relief as the Court may deem to be just and proper.

5

6    Dated:  June 13, 2022                    LAW OFFICE OF JASON G. GONG
                                              *A Professional Corporation*
7
                                              */s/ Jason G. Gong*
8                                        By:  _____
                                              JASON G. GONG
9                                             Attorney for Plaintiff
                                              BEHRUZ BONSHAHI
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28