SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
HAYLEY S. GRUNVALD, Cal. Bar No. 227909
hgrunvald@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

MOJI SANIEFAR, Cal. Bar No. 233330
msaniefar@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, California  94025
Telephone:    650.815.2600
Facsimile:    650.815.2601

Attorneys for Defendant,
LAZY DOG RESTAURANTS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHRUZ BONSHAHI, <br><br> Plaintiff, <br><br> v. <br><br> LAZY DOG RESTAURANTS, LLC and DOES 1 through 10, inclusive <br><br> Defendants. | Case No. 3:22-cv-3485-JD <br><br> **DEFENDANT LAZY DOG RESTAURANTS, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> The Honorable:   James Donato <br><br> Complaint Filed: June 13, 2022 <br> Trial Date:      None Set |

Defendant LAZY DOG RESTAURANTS, LLC ("Defendant") hereby submits this Answer to Plaintiff BEHRUZ BONSHAHI's ("Plaintiff") Complaint as follows:

**INTRODUCTION**

1. Answering paragraph 1 of the Complaint, Defendant admits that this is a civil rights action.  Defendant denies the remaining allegations.

2. Answering paragraph 2 of the Complaint, Defendant admits that it operates a restaurant located at 1961 Diamond Boulevard in Concord, California 94520.  Defendant further admits that, notwithstanding applicable State, County and City COVID-19 restrictions placed on its ability to

remain open and serve the public, certain areas of its restaurant are open to the public. Defendant denies the remaining allegations.

3. Answering paragraph 3 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

4. Answering paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION AND VENUE**

5. Answering paragraph 5 of the Complaint, Defendant denies that the Court has original jurisdiction over Plaintiff's federal claim as Plaintiff does not have standing under Article III of the Unites States Constitution to pursue injunctive relief as he has not sufficiently alleged "imminent injury." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) Defendant further denies that supplemental jurisdiction is proper for Plaintiff's federal claims. Federal courts may, and routinely do, decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021); *Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022).

6. Answering paragraph 6 of the Complaint, to the extent the instant Court makes a finding that it has subject matter jurisdiction over Plaintiff's federal claim, then Defendant admits that venue is proper.

7. Answering paragraph 7 of the Complaint, to the extent the instant Court makes a finding that it has subject matter jurisdiction over Plaintiff's federal claim, then Defendant admits that intra-district assignment is proper.

**PARTIES**

8. Answering paragraph 8 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

9. Answering paragraph 9 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

10. Answering paragraph 10 of the Complaint, Defendant admits that it operates a restaurant located at 1961 Diamond Boulevard in Concord, California 94520.  In further answering Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant denies the remaining allegations.

11. Answering paragraph 11 of the Complaint, Defendant admits that, notwithstanding applicable State, County and City COVID-19 restrictions placed on its ability to remain open and serve the public, certain areas of its restaurant located at 1961 Diamond Boulevard in Concord, California 94520 are open to the public.  In further answering Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every remaining allegation.

12. Answering paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**FACTUAL ALLEGATIONS**

13. Answering paragraph 13 of the Complaint, Defendant admits that it operates a restaurant is located at 1961 Diamond Boulevard in Concord, California in the Willows Shopping Center.  Defendant further admits that, notwithstanding applicable State, County and City COVID-19 restrictions placed on its ability to remain open and serve the public, certain areas of its restaurant  located at 1961 Diamond Boulevard in Concord, California 94520 are open to the public.  In further answering Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every remaining allegation.

14. Answering paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant denies the remaining allegations.

1  15. Answering paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

16. Answering paragraph 16 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

17. Answering paragraph 17 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

18. Answering paragraph 18 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

19. Answering paragraph 19 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

20. Answering paragraph 20 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

21. Answering paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

22. Answering paragraph 22 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each and every allegation.

23. Answering paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24. Answering paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

25. Answering paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

26. Answering paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

27. Answering paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. Section 12101, *et seq.*)

28. Answering Paragraph 28 of the Complaint, Defendants replead and incorporate by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 27 of this Answer as set forth above.

29. Answering paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. Answering paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. Answering paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. Answering paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. Answering paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34. Answering paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. Answering paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant denies the remaining allegations.

36. Answering paragraph 36 of the Complaint, Defendant denies each and every allegation.

37. Answering paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. Answering paragraph 38 of the Complaint, Defendant denies each and every allegation. Defendant denies that Plaintiff is entitled to any attorney's fees, litigation expenses and costs, and/or injunctive relief.

## II. SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE
## SECTIONS 54, 54.1, AND 54.3, *et seq.*

39. Answering Paragraph 39 of the Complaint, Defendants replead and incorporate by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 38 of this Answer as set forth above.

40. Answering paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41. Answering paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42. Answering paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

43. Answering paragraph 43 of the Complaint, Defendant lacks sufficient information and knowledge regarding whether Plaintiff is a "qualified person," and on that basis, denies this allegation. Defendant denies each and every remaining allegation.

44. Answering paragraph 44 of the Complaint, Defendant denies each and every allegation.

45. Answering paragraph 45 of the Complaint, Defendant denies each and every allegation.

46. Answering paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant denies the remaining allegations.

47. Answering paragraph 47 of the Complaint, Defendant denies each and every allegation.  Defendant denies that Plaintiff is entitled to any damages.

48. Answering paragraph 48 of the Complaint, Defendant denies each and every allegation.  Defendant denies that Plaintiff is entitled to any damages, injunctive relief, attorney's fees and/or litigation expenses and costs.

### III. THIRD CAUSE OF ACTION
### DENIAL OF FULL AND EQUAL ACCESS IN A PUBLIC FACILITY
### TO A PERSON WITH A DISABILITY IN VIOLATION OF CALIFORNIA DISABLED ACCESS STATUTES

49. Answering Paragraph 49 of the Complaint, Defendants replead and incorporate by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 48 of this Answer as set forth above.

50. Answering paragraph 50 of the Complaint, Defendant denies each and every allegation.

51. Answering paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52. Answering paragraph 52 of the Complaint, Defendant admits that it operates the Lazy Dog Restaurant located at 1961 Diamond Boulevard in Concord, California.  In further answering paragraph 52, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every remaining allegation.

53. Answering paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54. Answering paragraph 54 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, denies each

1  and every allegation.  Further answering paragraph 54, Defendant is not required to answer legal
2  conclusions and argument, and on that basis, denies each and every remaining allegation.

3        55.  Answering paragraph 55 of the Complaint, Defendant is not required to answer legal
4  conclusions and argument, and on that basis, denies each and every allegation.

5        56.  Answering paragraph 56 of the Complaint, Defendant denies that is has violated
6  Plaintiff's or any other person's civil rights.  Further answering paragraph 56, Defendant is not
7  required to answer legal conclusions and argument, and on that basis, denies each and every
8  remaining allegation.  Defendant denies the remaining allegations.

9        57.  Answering paragraph 57 of the Complaint, Defendant denies each and every
10 allegation.

11       58.  Answering paragraph 58 of the Complaint, Defendant denies each and every
12 allegation.  Defendant denies that Plaintiff is entitled to any attorney's fees and/or litigation
13 expenses and costs.

14       59.  Answering paragraph 59 of the Complaint, Defendant denies each and every
15 allegation.  Defendant denies that Plaintiff is entitled to any injunctive relief.

**IV. FOURTH CAUSE OF ACTION**
**FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS,**
**ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF**
**CALIFORNIA CIVIL CODE SECTION 51, *ET SEQ.***
**(THE UNRUH CIVIL RIGHTS ACT)**

20       60.  Answering Paragraph 60 of the Complaint, Defendants replead and incorporate by
21 reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 59 of
22 this Answer as set forth above.

23       61.  Answering paragraph 61 of the Complaint, Defendant denies each and every
24 allegation.  Further answering paragraph 61, Defendant is not required to answer legal conclusions
25 and argument, and on that basis, denies each and every remaining allegation.

26       62.  Answering paragraph 62 of the Complaint, Defendant denies each and every
27 allegation.

28

63. Answering paragraph 63 of the Complaint, Defendant denies each and every allegation.

64. Answering paragraph 64 of the Complaint, Defendant denies each and every allegation. Defendant denies that Plaintiff is entitled to any attorney's fees and/or litigation expenses and costs.

**PRAYER FOR RELIEF**

Defendant further asserts that Plaintiff shall take nothing by way of his Complaint and as asserted in his Prayer.

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted as Plaintiff has failed to allege sufficient facts entitling him to relief. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, (9th Cir. 2021). Plaintiff's allegations as to the alleged violations do not provide sufficient details as to the specific sections of the applicable guidelines that have been violated, nor the exact nature of the alleged violations.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. Defendant is informed and believes that Plaintiff is not a bona fide customer and lacks the ability to recover any damages. *See White v. Square, Inc.* (2019) 7 Cal.5th 1019. Further, Defendant is informed and believes that Plaintiff's motivation in bringing this lawsuit is solely for the purpose of making money. *See Thurston v. Omni Hotels Management Corp.*, (2021) 69 Cal. App. 5th 299 (finding Unruh Act plaintiff's intent or motivation for visiting public accommodation is relevant to determination of merits of Unruh Act claim). Based on such

information and belief, Plaintiff is estopped by his conduct from recovering any relief by the Complaint for any purported cause of action alleged therein.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3.   Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's restaurant in order to improperly stack his damages and therefore is precluded from recovering those alleged damages. *See Green v. Smith*, 261 Cal. App. 2d 392, 396 (1968); *Johnson v. Reimal Family Ltd. P'ship*, 2021 U.S. Dist. LEXIS 24883, *15 (Feb. 8, 2021). It follows that Plaintiff could have asked for assistance at Defendant's restaurant but did not and instead, simply filed a lawsuit.

### FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

4.   Plaintiff's purported causes of action are barred, in whole or in part, to the extent Plaintiff seeks to amend his Complaint and seek relief for any purported claims that were not brought before the expiration of the applicable statute(s) of limitations, including but not limited to, Government Code sections 12960(d) and 12965(b) and Code of Civil Procedure §§ 335.1, 338(a), 340(a) and 343.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.   Defendant is informed and believes and, based on such information and belief, alleges, that Plaintiff has waived the right to recover any relief by the Complaint by virtue of his prior representations, actions and inaction with respect to any purported cause of action alleged therein. Defendant is informed and believes that Plaintiff intentionally engaged in conduct inconsistent with his claim in this action by visiting Defendant's facility for the sole purpose of assessing compliance with the Americans with Disabilities Act and to bring this Action in order to make money. Accordingly, Plaintiff has waived his right to injunctive relief and/or damages because he engaged in conduct inconsistent with his allegations of being a bona fide customer of

Case No. 3:22-cv-3485-JD
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Defendant's business and Defendant also has no concrete plans for future visits to Defendant's restaurant to entitle him to injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron but rather, a professional plaintiff who filed this lawsuit to try to extort a monetary settlement. *See White v. Square, Inc.* (2019) 7 Cal.5th 1019; *Thurston v. Omni Hotels Management Corp.*, (2021) 69 Cal. App. 5th 299 (finding Unruh Act plaintiff's intent or motivation for visiting public accommodation is relevant to determination of merits of Unruh Act claim).

### SEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

7. Plaintiff's claims are barred by the doctrine of mootness insofar as the barriers to access alleged by Plaintiff have been or will be remediated before this action is finally adjudicated.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Party)

8. Plaintiff's alleged claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties. To the extent that Plaintiff makes allegations as to the exterior areas of Defendant's restaurant, Plaintiff will need to join additional parties who may be or are responsible for such areas.

### NINTH AFFIRMATIVE DEFENSE

### (Supplemental Jurisdiction Fails)

9. Plaintiff's alleged claims are barred, in whole or in part, because the court lacks supplemental jurisdiction over Plaintiff's asserted state law claims insofar as Plaintiff's federal claim will be dismissed, deemed moot or otherwise will no longer be at issue, thereby rendering inappropriate the court's retention of supplemental jurisdiction over the case. Further supplemental jurisdiction fails because Federal courts may, and routinely do, decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. §

1367(c)(4). *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021); *Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022).

### TENTH AFFIRMATIVE DEFENSE

**(No Standing)**

10.    This Court does not have jurisdiction over Plaintiff's federal claim as Plaintiff does not have standing under Article III of the Unites States Constitution to pursue injunctive relief as he has not sufficiently alleged "imminent injury." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

### RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert such defenses.

### PRAYER

**WHEREFORE**, answering defendant prays for judgment as follows:

1. That plaintiff takes nothing and that this action be dismissed;
2. For defendant's costs of suit herein incurred, including expert costs;
3. For an award of defendant's reasonable attorney's fees herein incurred;
4. That plaintiff's requested injunction be denied; and
5. For such other and further relief as the Court may deem to be just and proper.

Dated:  August 5, 2022            Respectfully Submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By            */s/ Hayley S. Grunvald*
            HAYLEY S. GRUNVALD
            MOJI SANIEFAR

            Attorneys for Defendant,
            LAZY DOG RESTAURANTS, LLC

---

Case No. 3:22-cv-3485-JD
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury.

Dated: August 5, 2022	Respectfully Submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By	*/s/ Hayley S. Grunvald*
	HAYLEY S. GRUNVALD
	MOJI SANIEFAR

	Attorneys for Defendant,
	LAZY DOG RESTAURANTS, LLC